# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LATHENIA JOY BAKER,<br><br>　　Plaintiff,<br><br>v.<br><br>UPSON REGIONAL MEDICAL CENTER,<br><br>　　Defendant. | Civil Action File No.:<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Lathenia Joy Baker ("Dr. Baker" or "Plaintiff") files this Complaint against her former employer, Upson Regional Medical Center ("Defendant" or "Upson") alleging causes of action for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and the Equal Pay Act, 29 U.S.C. § 206 ("EPA"), as follows:

## INTRODUCTION

1.

This is an action for compensation-based race and sex discrimination in violation of Title VII and for illegal pay inequities based on gender in violation of the EPA.

## PARTIES

2.

Dr. Baker is a citizen of Georgia and resides in this judicial district.

3.

Upson is a full service, DNV Healthcare accredited organization with its principal place of business located at 801 West Gordon Street, in Thomaston, Georgia.

4.

Upson is a Georgia Limited Liability Company.

5.

Upson may be served with process upon its registered agent for service of process, Jeffrey Tarrant, at 801 West Gordon Street, Thomaston, Georgia, 30286.

## JURISDICTION AND VENUE

6.

This Court has original jurisdiction over Dr. Baker's claims pursuant to 28 U.S.C. § 1331 because the claims raise questions under federal law.

7.

This Court has personal jurisdiction over Upson because its principal place of business is located in this judicial district.

8.

Venue is appropriate in this Court under 28 U.S.C. § 1391 as the acts and omissions giving rise to Dr. Baker's claims occurred within this judicial district where Upson is located.

## ADMINISTRATIVE PROCEEDINGS

9.

Dr. Baker timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 18, 2019, alleging race and sex discrimination in violation of Title VII.

10.

The EEOC issued Dr. Baker a Right to Sue Notice on April 17, 2020, and this Complaint is being timely filed within ninety (90) days of Plaintiff's receipt of the Right to Sue Notice.

## FACTUAL ALLEGATIONS

11.

Upson is an employer for the purposes of Title VII and the EPA.

12.

Dr. Baker is an obstetrician and gynecologist ("Ob-Gyn") and certified as a Fellow of the American Congress of Obstetricians and Gynecologists.

13.

Dr. Baker is female and African American or Black.

14.

Dr. Baker first became employed by Upson as an Ob-Gyn beginning in March 2015.

15.

Dr. Baker was initially employed by Upson on a Locum Tenens basis and later was directly employed by Upson as a full-time physician employee.

16.

As both a Locum Tenens physician and full-time physician employee, Dr. Baker covered both office visits related to female reproductive health and hospital surgical visits at Upson, including vaginal and Caesarean birth deliveries among other procedures.

17.

Throughout her employment, Dr. Baker was compensated at a lesser rate than her white, male Ob-Gyn counterparts and other white, male physicians at Upson.

18.

For example, while serving as Locum Tenens at Upson, Dr. Baker received $1200 per day for office or hospital coverage. Dr. Baker's white male counterparts on the other hand were compensated at $2600 per day for performing Locum Tenens

work that required substantially equal skill, effort, and responsibility that was performed under similar working conditions within the same establishment.

19.

These pay disparities continued once Dr. Baker became a full-time, direct physician employee of Upson.

20.

Dr. Baker received a lower base salary than her white, male Ob-Gyn counterparts at Upson.

21.

Specifically, Dr. Baker received between $40,000 and $50,000 less in annual salary than the white, male Ob-Gyn despite performing work that required substantially equal skill, effort, and responsibility that was performed under similar working conditions within the same establishment.

22.

The pay disparities extended to bonus compensation paid to both Dr. Baker and her white, male Ob-Gyn counterpart. The physicians received a specific dollar amount for meeting and exceeding specific Relative Value Units ("RVU's") thresholds for services that required substantially equal skill, effort, and responsibility that were performed under similar working conditions within the same establishment.

23.

The RVU's bonus payout for Dr. Baker was nine (9) times lower than that of her white, male Ob-Gyn counterpart.

24.

The inequitable RVU's based bonus compensation structure resulted in Dr. Baker receiving between $50,000 and $65,000 less in annual bonus compensation in addition to the significant base salary disparity.

25.

Additionally, in 2018, Upson failed to pay Dr. Baker her principle of practice after she met her specified requirements, but did pay her white, male counterpart his principles of practice bonus when he failed to meet his specified requirements.

26.

Upson also prohibited Dr. Baker from working extra shifts to help make up her pay disparities while allowing her white, male counterparts to do so.

27.

Dr. Baker was never paid equally to her white, male counterpart despite providing more services, working more hours, and consistently achieving equal or better medical outcomes.

28.

Upson's inequitable pay disparities based on race and sex were systemic and

existed throughout the organization. African American and female staff resigned during Dr. Baker's tenure after confiding in her that they were doing so because of the inequitable treatment.

29.

Throughout her employment, Dr. Baker complained to multiple members of Upson's senior management, including its Chief Executive Officer, about the pay inequalities that she and others employed by Upson suffered, but those inequities were never fully rectified.

## COUNT 1: VIOLATION OF THE EQUAL PAY ACT

30.

Upson was Dr. Baker's employer for purposes of the EPA, as that term is defined by 29 U.S.C. § 203(d).

31.

Upson is subject to this private action pursuant to 29 U.S.C. 216(d).

32.

At all times relevant to this action, Dr. Baker was performing work equal to that of her male counterparts.

33.

Nonetheless, Upson compensated Dr. Baker in excess of $300,000 less than her male Ob-Gyn counterpart.

34.

It is a violation of the EPA to pay a woman less than a man to perform the same or substantially similar job.

35.

Upson's violations of the EPA were knowing, willful, and intentional.

36.

At the time of the discriminatory pay complained of in this Complaint, Upson knew or should have known that its actions constituted violations of the EPA.

37.

At a minimum, Upson's actions in paying Dr. Baker less than male counterparts were reckless.

38.

As a direct and proximate result of Upson's actions, Dr. Baker has been denied equal pay as that given to male employees of equal rank.

39.

Dr. Baker is entitled to back pay and liquidated damages for a three-year period for Upson's willful violation of the EPA, and her attorneys' fees and costs.

**COUNT 2: SEX DISCRIMINATION IN VIOLATION OF TITLE VII**

40.

Upson was Dr. Baker's employer as defined under Title VII.

41.

While employed by Upson, Dr. Baker was subjected to discrimination on the basis of her gender, female, in violation of Title VII.

42.

At all times relevant to this action, Dr. Baker was performing work equal to that of her male counterparts.

43.

Nonetheless, Upson compensated Dr. Baker in excess of $300,000 less than her male Ob-Gyn counterpart.

44.

It is a violation of Title VII to pay a woman less than a man to perform the same or substantially similar job.

45.

Upson's violations of Title VII were knowing, willful, and intentional.

46.

At the time of the discriminatory pay complained of in this Complaint, Upson knew or should have known that its actions constituted violations of Title VII.

47.

At a minimum, Upson's actions in paying Dr. Baker less than male counterparts were reckless.

48.

As a direct and proximate result of Upson's actions, Dr. Baker has been denied equal pay as that given to male employees of equal rank.

49.

Therefore, Dr. Baker is entitled to economic, compensatory and punitive damages for Upson's willful violation of Title VII, and her attorneys' fees and costs.

**COUNT 3: RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

50.

Upson was Dr. Baker's employer as defined under Title VII.

51.

While employed by Upson, Dr. Baker was subjected to discrimination on the basis of her race, African American or Black, in violation of Title VII.

52.

At all times relevant to this action, Dr. Baker was performing work equal to that of her Caucasian or White counterpart.

53.

Nonetheless, Upson compensated Dr. Baker in excess of $300,000 less than her Caucasian or White Ob-Gyn counterpart.

54.

It is a violation of Title VII to pay a person less to perform the same or

substantially similar job because of his or her race or skin color.

55.

Upson's violations of Title VII were knowing, willful, and intentional.

56.

At the time of the discriminatory pay complained of in this Complaint, Upson knew or should have known that its actions constituted violations of Title VII.

57.

At a minimum, Upson's actions in paying Dr. Baker less than her Caucasian or White counterparts were reckless.

58.

As a direct and proximate result of Upson's actions, Dr. Baker has been denied equal pay as that given to Caucasian or White employees of equal rank.

59.

Therefore, Dr. Baker is entitled to economic, compensatory and punitive damages for Upson's willful violation of Title VII, and her attorneys' fees and costs.

## **JURY DEMAND**

60.

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all issues triable by a jury.

## **DEMAND FOR JUDGMENT**

Based on the allegations set forth in this Complaint, and the evidence as it is developed in this case, Plaintiff respectfully requests:

(a) A judgment against Defendant stating that it violated Title VII and the EPA;

(b) A determination that Defendant's violation of Title VII and the EPA was willful;

(c) A monetary judgment against Defendant, including:

> i) Back pay;
>
> ii) Front Pay;
>
> iii) Compensatory damages;
>
> iv) Punitive damages;
>
> v) Liquidated damages;
>
> vi) Reasonable costs and attorney fees;
>
> vii) Prejudgment interest; and
>
> viii) Such other relief that the Court deems just and proper.

Respectfully submitted: July 14, 2020.

> */s/ M. Travis Foust*
> M. Travis Foust
> Georgia Bar No. 104996
> tfoust@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 14th Street NE, 26th Floor
Atlanta, Georgia 30309
T: (404) 873-8000
F: (404) 873-8050